**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA ANN YORK-SPANN, | No. 09-16972 |
| Plaintiff - Appellant, | D.C. No. CV 08-01371-SRB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted October 6, 2010
San Francisco, California

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

Claimant Lisa Ann York-Spann appeals from a district court decision

affirming the Commissioner of the Social Security Administration's denial of

disability benefits. We review de novo a district court's order upholding such a

denial. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). We "may set

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995). Because of legal errors, we reverse and remand for reconsideration of the disability determination.

Although the administrative law judge ("ALJ") acknowledged that Claimant's impairments were "severe" when considered in combination, the ALJ failed to give due consideration to evidence in the record relating to limitations attributable to Claimant's severe bipolar disorder. Medical records from New Arizona Family documenting Claimant's Global Assessment of Functioning score of 38 and a diagnosis describing Claimant as "seriously mentally ill" went unmentioned in the ALJ's decision. An ALJ "must explain why significant probative evidence has been rejected. " Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks omitted).

The ALJ also completely failed to consider Alma Davis' third party description of Claimant's extensive work limitations. Ms. Davis' statement was competent evidence: she spoke from personal knowledge, and her period of observation included the initial portion of the claimed period of disability. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1053, 1056 (9th Cir. 2006) (lay witness testimony concerning a claimant's ability to work "cannot be

disregarded without comment" unless "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination" (emphasis and internal quotation marks omitted)).

The ALJ committed further legal error by discounting Claimant's husband's statement for the reason that, as a family member, the husband was concerned for Claimant's well-being. See Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony.").

REVERSED and REMANDED.